UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:20-cv-0166

———

**William A. Runnels,**
*Petitioner,*

v.

**Sheriff, Gregg County,**
*Respondent.*

———

Before BARKER, *District Judge*

———

## ORDER

Petitioner, proceeding pro se and in forma pauperis, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell (Doc. 3), who issued a report (Doc. 9) recommending that the petition be dismissed with prejudice and a certificate of appealability be denied. Petitioner filed objections to the report. Doc. 15.

Petitioner objects to the magistrate judge's finding that he is not in custody and his petition is therefore outside the jurisdiction of the court. Doc. 15 at 1-2 (objecting to Doc. 9 at 3-5). Petitioner relies on *Carafas v. LaVallee*, 391 U.S. 234 (1968), to argue that collateral consequences of his conviction fulfil the "in custody" requirement. The holding in that case, however, rested "not on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed." *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (describing the basis for the holding in *Carafas*). Petitioner's objection to the magistrate's finding that this court lacks jurisdiction is **overruled**.

Petitioner further objects to the magistrate judge's finding that the statute of limitations had run at the time the petition was filed. Doc. 15 at 2, 3-4 (objecting to Doc. 9 at 5-7). Title 28

U.S.C. § 2244(d)(1) provides, in relevant part, that the one-
year statute of limitations for a federal petition for writ of ha-
beas corpus began to run from "the date on which the judg-
ment became final by the conclusion of direct review or the
expiration of the time for seeking such review." In Texas,
however, a petition for writ of habeas corpus or for writ of
mandamus is the only mechanism by which a contempt order
may be challenged. *In re Reece*, 341 S.W.3d 360, 370 (Tex. 2011).
A petition for either of those extraordinary writs is not a direct
appeal and may be filed at any time. Because there is no ave-
nue for direct appeal, the federal statute of limitations for fil-
ing a petition for writ of habeas corpus began to run on April
4, 2018, the date of the commitment order and the date on
which "the time for seeking [direct] review" effectively ex-
pired. Had petitioner filed an appropriate petition in state
court, the time during which that petition was pending would
toll the statute of limitations. 28 U.S.C. § 2244(d)(2). Petitioner
filed no such petition, however, and therefore the statute of
limitations expired on April 4, 2019.

Petitioner did attempt direct appeal in two different state
courts of appeal on June 7, 2018. As the magistrate judge ex-
plained, both of those direct appeals were dismissed. Peti-
tioner asserts that these improper attempts at direct appeal
should have tolled the statute of limitations as to his federal
petition. *See* 28 U.S.C. § 2244(d)(2). The court need not decide
whether these improper attempts at direct appeal would, in-
deed, toll the statute of limitations, as the result is the same
regardless. The last of these was dismissed on July 25, 2018.
Thus, the statute of limitations would have been tolled for a
maximum of 49 days, extending petitioner's time to file a fed-
eral petition from April 4, 2019 to May 23, 2019—still well be-
fore he filed his federal petition. In September 2019, petitioner
filed a petition for review in the Supreme Court of Texas to
challenge the dismissal of his direct appeals, which was also
denied. Since the federal statute of limitations expired before
that petition for review was filed, there is no tolling for the
time it was pending. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th

Cir. 2000). For these reasons, petitioner's objections relating to the calculation of the limitations period are **overruled**.

Petitioner argues that the statute of limitations should be equitably tolled because he has been denied access to a law library and that denial constitutes the extraordinary circumstances needed to warrant equitable tolling. Doc. 15 at 5-7 (objecting to Doc. 9 at 8-9). Lack of access to legal resources can be sufficient to invoke 28 U.S.C. § 2244(d)(1)(B), which may provide a later date for the commencement of the limitations period than that described above. *Egerton v. Cockrell*, 334 F.3d 433, 439 (5th Cir. 2003). However, petitioner does not describe the time periods during which he was incarcerated or the time periods during which he was allegedly deprived access to legal resources. Nor does he describe the specific materials he alleges he needed and was deprived access to. But even assuming that petitioner is entitled to equitable tolling for the entire time he was incarcerated pursuant to the contempt order at issue (180 days), the limitations period would have ended on October 1, 2019. Going a step further to include the potential statutory tolling discussed above, the limitations period would have ended on November 19, 2019, still well before he filed this federal petition on March 30, 2020. Therefore, petitioner's objection to the magistrate's findings regarding equitable tolling is **overruled**.

Finally, in response to the magistrate judge's equitable tolling analysis, petitioner asserts for the first time that he is raising an actual innocence claim. Doc. 15 at 2-3. Parties may not raise "new evidence, argument[s], and issues that were not presented to the magistrate judge, absent compelling reasons." *Freeman v. Cty. of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998). No such compelling reasons exist here. "New claims and issues may not . . . be raised for the first time in objections to a Report and Recommendation." *Place v. Thomas*, 61 F. App'x 120, 2003 WL 342287, at *1 (5th Cir. 2003) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). Petitioner's objections relating to actual innocence are **overruled**.

This court lacks jurisdiction to decide the petition for writ of habeas corpus. Furthermore, the petition was filed after the expiration of the limitations period, even assuming petitioner is entitled to both statutory and equitable tolling. Finally, the petitioner may not raise, for the first time, his actual innocence argument at this phase of the litigation. Having conducted a de novo review of the objected-to portions of the magistrate judge's report and a clear-error review of the un-objected-to portions, the court **adopts** the report and recommendations as the opinion of the court. The petition is **dismissed with prejudice**. A certificate of appealability is **denied** *sua sponte*. Any outstanding motions are **denied as moot**.

*So ordered by the court on June 18, 2020.*

J. CAMPBELL BARKER
United States District Judge