UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00166

**William A. Runnels,**
*Petitioner,*

v.

**Sheriff, Gregg County,**
*Respondent.*

### ORDER

Before the court is petitioner William A. Runnels's motion to vacate judgment and for reinstatement. Doc. 23. Petitioner filed his motion more than 28 days after the entry of the final judgment. *See* Doc. 20. The motion will be construed as a motion for relief from judgment filed pursuant to Rule 60(b). *See Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985) (characterizing a non-specific motion to alter a judgment as a Rule 60(b) motion because the deadline to file under Rule 59(e) had passed). Petitioner seeks to reinstate his case and to have the court void the state court's judgment of contempt against petitioner. *See* Doc. 23. Because petitioner fails to raise any extraordinary or exceptional circumstances justifying relief, petitioner's motion for relief from judgment is **denied**.

### Background

Petitioner brought this suit under 28 U.S.C. § 2254, challenging his 2018 Gregg County child support contempt proceeding. The case was referred to United States Magistrate Judge K. Nicole Mitchell.

The magistrate judge issued a report and recommendation that the petition be dismissed with prejudice and that certificate of appealability be denied. Doc. 9. Petitioner filed objections to the report and recommendation. Doc. 15. After conducting a de novo review of the objected-to portion of the magistrate judge's report, the court accepted the report and

recommendation and dismissed the petition with prejudice. Doc. 19. A certificate of appealability was denied sua sponte. Doc. 20.

## Standards

To succeed on a Rule 60(b) motion, the movant must show that he is entitled to relief from judgment because of

- mistake, inadvertence, surprise, or excusable neglect;
- newly discovered evidence;
- fraud, misconduct, or misrepresentation of an adverse party;
- that the judgment is void;
- that the judgment has been satisfied; or
- any other reason justifying the granting of relief from judgment.

Relief will be granted only in "unique circumstances," and the district court has considerable discretion in determining whether the movant has carried the burden for Rule 60(b) relief. *Pryor*, 769 F.2d at 287; *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Petitioner has the burden of establishing one of the Rule 60(b) provisions. *See Wallace v. Magnolia Family Servs., L.L.C.*, No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) (citing *Pryor*, 769 F.2d at 286). And "it goes without saying that a Rule 60 motion is not a substitute for an appeal from the underlying judgment." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994).

## Analysis

Petitioner states that he is seeking relief under Rule 60(b)(1), (2), (3), (4), and (5). Petitioner's conclusory statements fail to establish exceptional circumstances warranting relief.

### A.  Rule 60(b)(1)

Petitioner states that he is entitled to relief under Rule 60(b)(1) because he made a "mistake [by] failing to disclose that he timely sought an appeal on December 20, 2018 to the order of contempt." Doc. 23 at 2. He claims that he overlooked this detail because he could not access the TX.gov website and view the documents that were filed. He further states that the TXcourts.gov website did not allow him to view any of the documents filed in the appellate court during the period in which he submitted his objections and amended objections to the report and recommendation.

Texas's Sixth Court of Appeals website reflects that petitioner filed a notice of appeal on December 21, 2018, in Cause No. 06-18-0112-CV. The appeal was later dismissed for want of prosecution.[1]

Rule 60(b)(1) provides a party relief from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." As the movant seeking relief under Rule 60(b)(1), petitioner has the burden of establishing the mistake or excusable neglect regardless of whether he is proceeding pro se. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The burden of establishing excusable neglect is upon the [the movant], even one proceeding pro se.").

Success under Rule 60(b)(1), requires that "the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor*, 769 F.2d at 286. "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief," and a district court abuses its discretion when it "reopen[s] a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H.*

---

[1] *See* Texas Judicial Branch: Sixth Court of Appeals, Case: 06-18-00112-CV, http://www.search.txcourts.gov/Case.aspx?cn=06-18-00112-CV&coa=coa06.

*Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). "Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010).

Petitioner was found in contempt on April 4, 2018, by the 124th Judicial District Court of Gregg County, Texas. His jail sentence expired on September 30, 2018. Petitioner's "mistake" of failing to inform the court of his December 21, 2018 appeal filing does not affect the judgment here. The December 21, 2018 appeal filing does not establish that he was in custody at the time he filed his § 2254 federal petition in this court. *See Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) ("Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."). Moreover, the untimely December 18, 2018 appeal filing would not toll the statute of limitations under the AEDPA, as discussed in the report and recommendation. Doc. 9 at 5-7. Petitioner's December 18, 2018 appeal in Cause No. 06-18-0112-CV suffers from the same defect as the June 7, 2018 appeal in Cause No. 12-18-146-CV and the June 7, 2018 appeal in Cause No. 06-18-00038-CV. Petitioner's mistake does not qualify as grounds to set aside the judgment under Rule 60(b)(1). Petitioner's request for relief under Rule 60(b)(1) is **denied**.

### B. Rule 60(b)(2)

In the opening of petitioner's motion, he states that he is seeking relief under Rule 60(b)(2)'s newly discovered evidence provision. But petitioner does not discuss any newly discovered evidence in the body of his motion. Petitioner's request for relief under Rule 60(b)(2) is, therefore, **denied**.

### C. Rule 60(b)(3)

Under Rule 60(b)(3), petitioner asserts that he raised an actual innocence claim in his motion to vacate and void judgment (Doc. 6), which he intended to be a supplement to his

original federal petition. He argues that the magistrate judge did not address petitioner's "actual innocence claim in the report and recommendation." Doc. 23 at 2-4.

Rule 60(b)(3) permits relief from a judgment if the movant demonstrates fraud, misrepresentation, or misconduct by an opposing party. The petitioner must demonstrate "(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641. The party moving for Rule 60(b)(3) relief from judgment "has the burden of proving the assertion by clear and convincing evidence." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).

Petitioner fails to demonstrate that an opposing party before this court engaged in fraud, misrepresentation, or misconduct. Moreover, petitioner did not indicate in his motion to vacate (Doc. 6) that he was raising an actual innocence claim or that he intended his motion to be a supplement to his federal petition. Regardless, the court denied petitioner's actual innocence claim—raised for the first time in his objections to the report and recommendation—in its order adopting the report. Doc. 19 at 3. Petitioner's request for relief under Rule 60(b)(3) is **denied**.

### D. Rule 60(b)(4)

Rule 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). The rule only applies "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). The Fifth Circuit has found that jurisdictional errors warrant relief under Rule 60(b)(4) where "the initial court lacked subject matter or personal jurisdiction." *Callon Petroleum Co. v. Frontier Ins.*, 351 F.3d 204,

208 (5th Cir. 2003). A judgment is not void simply because it is or may have been erroneous. *See Espinosa*, 559 U.S. at 270.

Petitioner does not argue that this court lacked subject matter or personal jurisdiction over his federal habeas petition. He further cannot allege that the court deprived him of an opportunity to be heard. Petitioner's request for relief under Rule 60(b)(4) is **denied**.

### E. Rule 60(b)(5)

Petitioner seeks relief under Rule 60(b)(5) without explanation. Rule 60(b)(5) permits a party to seek relief from a judgment that has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. Petitioner does not explain how he is entitled to relief under this rule. The court is unaware of any changed circumstances regarding its judgment that would warrant relief under Rule 60(b)(5). Therefore, petitioner's request for relief is **denied**.

### F. Rule 60(b)(6)

Because petitioner is proceeding pro se, the court will examine his motion under Rule 60(b)(6)—a residual clause or catch-all provision—as well. Petitioner asserts that the court erred in finding that there is no direct appeal from the judgment finding petitioner in contempt. Petitioner does not provide any case law to support his position.

Rule 60(b)(6) is a residual clause used to cover unforeseen contingencies and, "is a means for accomplishing justice in exceptional circumstances." *Steverson v. Global SantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)); *see also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) ("Rule 60(b)(6) motions 'will be granted only if extraordinary circumstances are present.'") (quoting *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). Extraordinary circumstances "may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in

the judicial process.'" *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg*, 486 U.S. at 863-864).

Petitioner's contention derives from Texas's procedural law regarding contempt proceedings. Texas appellate courts do not have jurisdiction to review contempt proceedings on direct appeal. *See In re T.L.K.*, 90 S.W. 3d 833, 841 (Tex. App.—San Antonio 2002, no pet.). Contempt orders may be reviewed by an application for a writ of habeas corpus if the contemnor's liberty has been restrained, or by a petition for a writ of mandamus if the contemnor has not been confined or otherwise had his liberty restrained. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam) ("Contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus."); *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *In re Rivas-Luna*, 528 S.W.3d 167, 169 (Tex. App.—El Paso, 2017, orig. proceeding) (holding that contempt order, suspended on condition that contemnor pay child support arrearages and otherwise comply with trial court's orders, should be challenged by mandamus).

After the state trial court's order finding petitioner in contempt and ordering that he be confined in jail for a period of six months for failing to pay his child support, petitioner failed to move for an application for writ of habeas corpus in the state court. Petitioner's failure to follow Texas's procedures regarding the proper exhaustion of his state remedies barred his federal petition here. Furthermore, petitioner's federal petition was barred because he was no longer in custody when he filed his federal petition. Accordingly, petitioner's final basis for relief is **denied**.

## Conclusion

Petitioner has not raised any facts or circumstances that would justify relief from the court's prior judgement. He has failed to carry his burden under any of the Rule 60(b) provisions. Petitioner, therefore, is not entitled to relief from the

final judgment entered in this case. Petitioner's Rule 60(b) motion for relief from judgment (Doc. 23) is **denied**. A certificate of appealability is **denied** sua sponte.

*So ordered by the court on November 2, 2020.*

J. CAMPBELL BARKER
United States District Judge